**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MIKAY TEJADA<br><br>Defendant. | Crim. Action No. 12-312 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Mikay Tejada ("Defendant" or "Tejada")'s omnibus motion seeking the following: (1) dismissal of the indictment with prejudice for violation of the Speedy Trial Act; (2) a pretrial hearing to establish the existence of a conspiracy for the purpose of determining the admissibility of co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E); (3) an order directing the Government to disclose all *Brady*, *Giglio*, and Jenks Act material; (4) pretrial disclosure of any Rule 404(b) evidence the Government intends to introduce at trial; (5) an order requiring all law enforcement officers to retain rough notes, writings, and recordings pertaining to this case; (6) an order directing the Government to provide early disclosure of: exhibits to be marked and offered by the Government, proffered expert testimony, treatises upon which the Government intends to rely, matters of which the Government will seek the Court to take judicial notice, and any charts or summaries which the Government intends to offer into evidence; (7) an order directing the Government to provide early disclosure of all relevant information concerning all informants and

1

witnesses; (8) an order directing the Government to provide Defendant with final transcripts and all documentary evidence which the government intends to use at trial; and (9) permission for Defendant to reserve the right to file additional motions. In its response to Defendant's motion, the Government has also requested that this Court order Defendant to provide reciprocal discovery to the Government.

For the reasons set forth below, Defendant's omnibus motion is denied in part, and granted in part. The Government's request for reciprocal discovery is granted.

**I.   FACTUAL BACKGROUND**

On September 10, 2011 Defendant and three alleged co-conspirators—Jorge Villasano ("Villasano"), Manuel Blanquet ("Blanquet"), and Neil Van Den Berg ("Van Den Berg")—were arrested for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. (Gov't Br. at 1; Def. Br. at 2.) According to the Government, these arrests were made in conjunction with an ongoing investigation of narcotics and money laundering by the Drug Enforcement Administration ("DEA"). (*Id.*) The investigation revealed that Defendant was allegedly part of a drug trafficking organization that used automobiles and recreational vehicles to conceal and transport narcotics and narcotics proceeds between New Jersey and California. (Gov't Br. at 1.)

In September 2011, law enforcement developed information from a traffic stop by Ohio State Police that Van Den Berg was transporting approximately 148 kilograms of cocaine. (Def. Br. at 2; Gov't Br. at 1.) The cocaine was allegedly hidden within a compartment in the recreational vehicle ("RV") that Van Den Berg was driving. (Gov't Br.at 1.) Following the traffic stop, Van Den Berg agreed to cooperate with law enforcement, and continued to drive the RV to Clifton, New Jersey. (Def. Br. at 2.)

On September 9, 2011, Villasano allegedly directed Van Den Berg to drive the RV to a motel in Fort Lee, New Jersey. (Gov't Br. at 1.) While conducting surveillance, law enforcement observed Van Den Berg enter the exterior of the motel. (*Id.*) Villasano then purportedly called Van Den Berg, and instructed him to wait at the motel. (*Id.*) Later that day, law enforcement observed Blanquet arrive at the motel and enter the exterior entrance of Van Den Berg's room. (*Id.*). That night, Villasano allegedly instructed Van Den Berg to remain in the Fort Lee motel. (*Id.*)

On September 10, 2011, law enforcement allegedly observed Defendant drive Blanquet in a Honda Sedan to the parking lot of the Fort Lee motel. (*Id.*) While there, Blanquet allegedly instructed Van Den Berg to leave his motel room, and drive the RV out of the parking lot. (*Id.*) Defendant and Blanquet then followed the RV in the Honda Sedan. (*Id.*) Subsequently, law enforcement stopped both the RV and the Honda Sedan, and placed Van Den Berg, Defendant, and Blanquet under arrest. (*Id.*) Later that night, law enforcement arrested Villasano at a residence in Clifton, New Jersey, which was rented by Defendant. (*Id.*)

On September 12, 2011, the Government filed a criminal complaint against Defendant. Defendant had an initial appearance on that same date. On May 24, 2012, a federal grand jury returned an indictment charging Defendant and Villasano with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. (Docket Entry No. 38.) On June 26, 2012, a federal grand jury returned a superseding indictment charging Defendant with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. (Docket Entry No. 69.)

Villasano, Blanquet, and Van Den Berg have pled guilty and are allegedly cooperating with the Government. (Def. Br. at 2.) The case is scheduled for trial on September 9, 2013.

## II. DISCUSSION

The Court will now proceed to address each of the issues raised in Defendant's omnibus motion, as well as the Government's request that this Court order Defendant to provide reciprocal discovery.

### (1) Whether Defendant is Entitled to Dismissal of the Indictment due to a Violation of the Speedy Trial Act.

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Congress enacted the Speedy Trial Act to "give effect to the Sixth Amendment right to a speedy trial." H.R. Rep. No. 1508, 93rd Cong., 2d Sess. (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 7401, 7402. Under the Speedy Trial Act, "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c). However, the statute enumerates various circumstances under which periods of delay may be excluded from the speedy trial clock. *See* 18 U.S.C. § 3161(h). In relevant part, the statute provides for the exclusion of "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant **or his counsel** or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action

4

outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added).

In this case, the Government and Defendant's first attorney, Timothy Donahue, Esq., jointly moved for a continuance order excluding 60 days from the speedy trial clock; the Court entered this order on September 16, 2011. (Docket Entry No. 26.) Subsequently, the Government and Defendant's second attorney, Jeremias Batista, Esq., moved for three continuance orders which the Court entered on December 7, 2011, February 8, 2012, and March 22, 2012, respectively. (Docket Entry Nos. 31, 34, 35.) These continuance orders excluded time from December 1, 2011 through June 1, 2012. (*See id.*) The grand jury then returned an indictment on May 4, 2012, and Defendant was arraigned on May 31, 2012. (*See* Docket Entry Nos. 38, 40.)

Thereafter, the Government and Mr. Batista jointly moved for five continuance orders, which the Court entered on June 4, 2012, August 15, 2012, October 12, 2012, December 18, 2012, and February 5, 2013, respectively. (Docket Entry Nos. 42, 46, 49, 50, 55.) These orders excluded time from May 31, 2012 through April 29, 2013.

Subsequently, the Government and Defendant's third and current attorney, Howard Brownstein, Esq., jointly moved for another continuance order which the Court entered on March 19, 2013. (Docket Entry No. 60.) This order excluded time from March 19, 2013 through September 9, 2013.

Defendant argues that the indictment must be dismissed because he "never consented to the waiver of the speed [sic] trial time." (Def. Br. at 4.) This argument lacks merit. The statute is clear that continuances may be requested by "the defendant **or his counsel**." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). "If Congress intended for a defendant to maintain sole control

over the decision to move for a continuance, it would not have included language in the statute specifically allowing a defense attorney to seek a continuance. Nothing in the statute requires the defendant to consent to a continuance." *See United States v. Tulu*, 535 F. Supp. 2d 492, 499 (D.N.J. 2008); *see also United States v. Fields*, 39 F.3d 439 (3d Cir. 1994) (noting that defendant's argument that his speedy trial rights were violated because he was not brought to trial within 70 days from his initial appearance was "disturbing because he would have [the court] order the dismissal of his indictment based on continuances that **his own attorney** sought.") (emphasis added).

The cases upon which Defendant relies in support of his argument are inapposite, as they fail to address whether time is properly excluded when defense counsel moves for a continuance. *See United States v. Martinez*, 75 F. Supp. 2d 360 (D.N.J. 1999) (noting that the Government conceded that there was a violation of the speedy trial act, and holding that defendant's filing of a habeas petition did not justify the Government's 270-day delay in prosecuting case) (cited in Def. Br. at 4); *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) (holding that district court's "post-trial finding that the Speedy Trial Act was tolled" was erroneous, and dismissing indictment upon concluding that 465 days of delay were not excludable under Section 3161(h)(8)(A)) (cited in Def. Br. at 4).

Indeed, in the two years that this matter has been pending, Defendant has never before raised any issues pertaining to the Speedy Trial Act. Each and every continuance order the Court has entered has been prompted by a motion filed jointly by the Government and Defendant's counsel. Accordingly, Defendant's request that this Court dismiss the indictment on account of a Speedy Trial Act violation is denied.

### (2) Whether to Hold a Pretrial Hearing to Determine the Existence of a Conspiracy and the Admissibility of Co-conspirator Statements[1]

Generally, out-of-court statements offered to prove the truth of the matter asserted are inadmissible hearsay. Fed. R. Evid. 801, 802. Federal Rule of Evidence 801(d)(2)(E), however, excepts from the definition of hearsay any "statement [that] is offered against an opposing party and was made by the party's coconspirator during and in furtherance of the conspiracy." For an out-of-court statement to be admissible under Rule 801(d)(2)(E), "the district court must find by a preponderance of the evidence that: (1) a conspiracy existed; (2) the declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy." *United States v. Ellis*, 156 F.3d 493, 496 (3d Cir. 1998). In determining whether these elements are met, courts may consider the co-conspirator statements themselves along with any other independent evidence of a conspiracy. *See, e.g., Bourjaily v. United States*, 483 U.S. 250 (1987); *see also United States v. Gambino*, 926 F.2d 1355, 1361 (3d Cir. 1991) (noting that "the co-conspirator's hearsay statement could be used to establish the existence of a conspiracy."); Fed. R. Evid. 801(d)(2)(E).

Defendant seeks a pretrial hearing to determine the admissibility of the statements of alleged co-conspirators pursuant to *United States v. James*, a case in which the Fifth Circuit noted that a "district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator." 590 F.2d 575, 582 (5th Cir. 1979). Defendant has failed to cite, and the Court is

---

[1] Defendant has also requested that the Government provide notice of any evidence it seeks to admit pursuant to Federal Rule of Evidence 807. In its response brief, the Government has represented that it will provide notice to Defendant in advance of trial should it decide to offer any evidence pursuant to Rule 807. Accordingly, the Court will not order the Government to disclose any Rule 807 evidence at this time. Nevertheless, for the sake of avoiding delays at trial, the Court admonishes the Government to comply with the notice requirement of Federal Rule of Evidence 807(b) at least 10 days prior to offering any evidence pursuant to Rule 807.

unaware of any binding authority requiring a pretrial hearing to determine the existence of a conspiracy and the admissibility of statements of alleged co-conspirators.[2] To the contrary, the Third Circuit has consistently upheld the district court's exercise of discretion in conditionally admitting co-conspirator statements at trial subject to subsequent presentation of evidence establishing the existence of a conspiracy. *See, e.g., United States v. Continental Group.*, 603 F.2d 444, 456 (3d Cir. 1979) (holding "that the district court's decision to admit [statements of co-conspirators] 'subject to later connection' was not inconsistent with the sound exercise of discretion" because "the control of the order of proof at trial is a matter committed to the discretion of the trial judge"); *United States v. Ammar*, 714 F.2d 238, 247 (3d Cir. 1983) (holding that district court's refusal to hold a pretrial hearing prior to considering admissibility of co-conspirator's statements was not an abuse of discretion) (citation omitted); *Gambino*, 926 F.2d at 1361 (same).

As this case is likely to involve "a large amount of interrelated testimony," the Court deems it appropriate to allow the Government to offer the statements of alleged co-conspirators, so long as it establishes the existence of a conspiracy by the end of trial. *See Continental Group*, 603 F.2d at 457. Accordingly, Defendant's request for a pretrial hearing to determine the existence of a conspiracy and the admissibility of statements of alleged co-conspirators is denied. Defendant, nevertheless, may move to strike any statement of an alleged co-conspirator from the record if he believes that the Government ultimately fails to establish the existence of a conspiracy.

---

[2] Even the *James* case which Defendant cites does not require courts to hold a pretrial hearing to establish the existence of a conspiracy as a condition precedent to the admissibility of out-of-court statements by co-conspirators. Although the *James* court set forth a preferred "order of proof," it made clear that if a district court "determines it is not reasonably practical to require [a pretrial] showing [of a conspiracy] to be made before admitting the evidence, the court may admit the statement subject to being connected up." *James*, 590 F.2d at 582.

### (3) Whether Defendant is Entitled to an Order Requiring the Government to Disclose *Brady*, *Giglio*, and Jenks Act material

a. Brady Material

In *Brady v. Maryland*, the Supreme Court held that "the suppression of evidence by the prosecution favorable to the accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1947). Subsequently, in *United States v. Augurs*, the Supreme Court held that the Government has an affirmative duty to disclose exculpatory evidence irrespective of the defendant's actions. 427 U.S. 97, 107 (1976).

The Government has represented that "it is aware of the continuing nature of its responsibility under *Brady* and will make timely disclosure in the event that any such materials become known to the Government." (Gov't Br. at 9.) In light of the Government's representation, Defendant's request that this Court order the disclosure of *Brady* material is denied as moot.

b. Giglio Material

In *Giglio v. United States*, the Supreme Court imposed upon prosecutors the obligation to disclose information relevant to the credibility of prosecution witnesses. In his motion, Defendant has requested that this Court order the Government to produce *Giglio* material 20 days prior to trial. (Def. Br. at 11.)

It is well settled that "[t]he purpose of requiring disclosure of impeachment information is not to assist the defense in a general pretrial investigation, but only to give the defense an opportunity to effectively cross-examine the Government's witnesses at trial." *See United States v. Giampa*, 904 F. Supp. 235, 281 (D.N.J. 1995) (citing *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1983)). Thus, courts have generally denied requests for pretrial production of *Giglio*

9

material. *See, e.g., Higgs*, 713 F.2d at 44 (holding that it was abuse of discretion for district court to order disclosure of impeachment information a week prior to trial); *see also United States v. Cannistraro*, 800 F. Supp. 30, 92 (D.N.J. 1992); *United States v. Eisenberg*, 773 F. Supp. 662, 684-85 (D.N.J. 1991); *United States v. Vastola*, 670 F. Supp. 1244, 1267 (D.N.J. 1987).

As Defendant is not legally entitled to *Giglio* material prior to trial, his request that this Court order the Government to disclose any such material 20 days prior to trial is denied. Nevertheless, the Court strongly encourages the Government to disclose *Giglio* material relevant to any witness it intends to call at least 10 days before calling said witness so as to avoid delays at trial.

c. Jenks Act Material

The Jencks Act sets forth that "in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by the Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Although the Government does not have an obligation to disclose Jencks Act material before the conclusion of direct examination, courts may encourage "early disclosure to obviate trial interruptions." *See, e.g., United States v. Bissell*, 954 F. Supp. 841, 871 (D.N.J. 1996) (citing *United States v. Hill*, 976 F.2d 132, 140 (3d Cir. 1992)).

As Defendant is not legally entitled to pretrial disclosure of Jenks Act material, his request that this Court order pretrial disclosure of any such material is denied. Nevertheless, for the sake of avoiding delays at trial, the Court encourages the Government to disclose Jenks Act material relevant to any witness it intends to call at least 10 days before calling said witness.

### (4) Whether the Defendant is Entitled to Pretrial Disclosure of the Government's Intent to Offer Evidence of Prior Bad Acts Pursuant to Federal Rule of Evidence 404(b)

Under Federal Rule of Evidence 404(b), evidence of a crime, wrong, or other act "may be admissible . . . [for the purpose of] proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Upon the request of the defendant in a criminal case, "the prosecutor must (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (B) do so before trial – or during trial if the Court, for good cause, excuses the lack of pretrial notice." Fed. R. Evid. 404(b)(2)(A)-(B).

Defendant has requested that the Court order the Government "to indicate, no later than 30 days before trial, whether it will attempt to introduce evidence of prior acts" at least 30 days before trial. (Def. Br. at 12.) On May 31, 2012, this Court entered an Order for Discovery & Inspection which requires the Government to "provide notice to the defense of all evidence it intends to offer of other crimes, wrongs or acts within the meaning of Rule 404(b) . . . not less than ten (10) calendar days prior to the date of trial." (Docket Entry No. 41 at ¶ 3.) The Court sees no reason to amend its Order for Discovery & Inspection at this stage. Additionally, the Government has represented that it will comply with this Court's Order. (Gov't Br. at 13.) Accordingly, Defendant's request that this Court order the Government to disclose Jenks Act material 30 days before trial is denied.

### (5) Whether Defendant's Request for an Order Requiring all Government Law Enforcement Officers to Retain Rough Notes, Writings, and Recordings should be Granted.

The Third Circuit has held that "the rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to

11

the appellant under the rule of *Brady*." *United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977).

The Government has represented that it "is aware of and will comply with its obligations under *United States v. Vella*." (Gov't Br. at 14.) Accordingly, Defendant's request for an order requiring law enforcement officers to retain rough notes, writings, and recordings is denied as moot.

### (6) Whether Defendant's Request for an Order Requiring the Government to Provide Early Disclosure of Exhibits, Proffered Expert Testimony, Treatises, Matters which the Government will Seek to have the Court take Judicial Notice of, and any Charts or Summaries which the Government will Seek to Offer into Evidence should be Granted

Federal Rule of Criminal Procedure 12(b)(4)(B) provides as follows:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

In its response brief, the Government has represented that it has already provided Defendant "with the Drug Enforcement Agency laboratory report that identifies the expert witness in the area of the identification and analysis of controlled substances, as well as a summary of the expert's testimony." (Gov't Br. at 15.) The Government has further represented that "[e]xhibits to be marked and offered by the Government in its case-in-chief, treatises upon which the Government intends to rely, matters which the Government intends to seek the Court to take judicial notice of, and any charts or summaries the Government intends to offer into evidence, will be provided to Defendant thirty days before trial." (*Id.*) Accordingly, Defendant's request for an order directing the Government to comply with Federal Rule of Criminal Procedure 12(b)(4)(B) is denied as moot.

### (7) Whether Defendant's Request for an Order Directing the Government to Provide Early Disclosure of all Relevant Information Concerning all Informants and Witnesses should be Granted.

It is well settled that "[a] defendant in a noncapital case does not have a right to discover a list of prospective Government witnesses." *United States v. Eisenberg*, 773 F. Supp. 662, 683 (D.N.J 1991) (citing cases); *see also United States v. Zolp*, 659 F. Supp 692, 704 (D.N.J. 1987) ("The Third Circuit does not require that the Government divulge its trial witnesses and defendants herein have presented no compelling justification for departing from this settled principle.") (citing cases).

Defendant moves this Court to order the Government to disclose the address of Manuel Bonilla, a potential Government lay witness. Defendant has not cited any legal authority that compels this Court to order the disclosure of this information, and the Court is aware of none. Accordingly, Defendant's request for Bonilla's address is denied.

Additionally, in light of the Government's representation that there are no informants in this case, Defendant's request that this Court order the disclosure of information concerning informants is denied as moot.

### (8) Whether Defendant's Request to Compel the Government to Provide Final Transcripts and all Documentary Evidence which the Government Intends to Use at Trial should be Granted.

The Government has represented that final transcripts, if any, and other documentary evidence it intends to use will be provided to Defendant 30 days before trial. (Gov't Br. at 17.) Accordingly, Defendant's request for an order compelling the Government to disclose such information is denied as moot.

### (9) Whether Defendant's Request for Leave to File Additional Motions as the Need Arises should be Granted.

Defendant's request for leave to file additional motions is granted only insofar as such a need arises from any future disclosures that the Government makes pursuant to its continuing obligations. However, Defendant may not file any motions that could have been brought based on discovery material already provided as of this date, July 17, 2013. To the extent that Defendant deems it necessary to file any additional pretrial motions, Defendant should seek leave of court, and explain why any such motions are necessary and why they were not previously filed.

### (10) Whether the Government's Request for an Order Requiring Defendant to Provide Reciprocal Discovery Should be Granted

Federal Rule of Criminal Procedure 16(b)(1)(A) requires a defendant to "permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if the item is within the defendant's possession, custody, or control[] and the defendant intends to use the item in the defendant's case-in-chief at trial" if the "defendant requests disclosure under Rule 16(a)(1)(E) and the government complies." Federal Rule of Criminal Procedure 16(b)(1)(B) similarly requires a defendant to provide reciprocal discovery of scientific tests.

The Government maintains that Defendant has not provided any reciprocal discovery in accordance with Federal Rule of Criminal Procedure 16(b). (*See* Gov't Br. at 19.) Accordingly, the Government's request for discovery pursuant to Rule 16(b) is granted. Defendant shall comply with his obligations under Rule 16(b) at least 30 days prior to trial.

Date: July 17, 2013.

Jose L. Linares
United States District Judge